[No. 2181, Aug. 27, 1918.]

MERSFELDER v. ATCHISON, T. & S. F. RY. CO.

### SYLLABUS BY THE COURT.

1. Under section 4743, Code 1915, held, a carrier could waive a time limitation on shipper's right to sue for damages, contained in the bill of lading.    P. 520

2. Where it does not appear from the record that the trial court ruled on a question of pleading, this court will decline to consider it, when to do so would be to deprive one of the parties of his right to amend.    P. 521

Mersfelder v. A. T. & S. F. Ry. Co., 24 N. M. 518.

Appeal from District Court, Curry County; McClure, Judge.

Action by W. B. Mersfelder against the Atshison, Topeka & Santa Fe Railway Company. Judgment for defendant, and plaintiff appeals. Reversed in part, and affirmed in part.

H. L. PATTON and C. A. HATCH,[1] both of Clovis, for appellant.

W. C. REID, C. M..BOTT, and GEO. S. DOWNER, all of Albuquerque, for appellee.

### OPINION OF THE COURT.

. MECHEM, District Judge. Mersfelder sued the railroad company for damages on account of three several shipments of live stock—one an interstate shipment, the others intrastate shipments. The company denied liability, for the reason that suit had not been brought within six months; that limitation on Mersfelder's right to sue being a part of the contract of shipment. Mersfelder pleaded a waiver of the limitation by reason of the acts of the company in treating with him for settlement and thereby inducing him to believe that it would settle without suit. The case having been set for trial, it was called and a jury sworn to try it, and plaintiff proceeded to introduce his evidence, when he was met by an objection on the part of the company to the introduction of any evidence, and a motion for judgment on the pleadings for the defendant, and against the plaintiff, "upon the grounds that the pleadings were insufficient to sustain a different judgment, notwithstanding any evidence which might be produced, in that the facts alleged by way of new matter in plaintiff's second amended reply are insufficient in law to avoid defendant's defense by way of new matter and admitted by the plaintiff." This objection was sustained, and judgment rendered for the defendant against plaintiff, from which plaintiff appeals.

, [**1**]   It is admitted by plaintiff that as to his second cause of action, being an interstate shipment, the trial court was correct in its ruling, but he questions the ruling as it applies to the other two counts, they being intrastate shipments.   It must be admitted that under the present state of the law the limitation upon the time in which a shipper can sue a carrier for damages, being a provision for the benefit of the carrier, can be waived by it, except with respect to interstate shipments; these being, of course, under the Interstate Commerce Act (Act Feb. 19, 1903, c. 708, 32 Stat. 847, as amended by Act June 29, 1906, c. 3591, 34 Stat. 597 [U. S. Comp. St. 1916, §§ 8597-8599]), by which waivers are made unlawful.   10 C. J. 340; 4 R. C. L. p. 799, § 257.   The defendant here relies upon our statute (section 4743, Comp. Laws 1915, as effectuating the same result with respect to intrastate shipments in New Mexico as does the federal law with respect to interstate shipments. Our statute reads as follows:

"4743.   Discriminations and Rebates.   Sec. 91.   No railroad company shall charge any person, company or corporation for the transportation of any property, a greater sum than it shall at the same time charge and collect from any other person, company or corporation for a like service from the same place, and upon like conditions, and all concessions of rates, drawbacks and contracts for special rates founded upon the demands of commerce and transportation shall be open to all persons, companies and corporation alike."   Act. Feb. 11, 1882, c. 59, § 2.

The scope and exact effect of the federal law will be ascertained best from the construction placed upon it by the court intrusted with its interpretation.   In the case of A. J. Phillips Co. v. Grand Trunk W. R. Co., 236 U. S. 662, 667, 35 Sup. Ct. 444, 446 (59 L. Ed. 774), the court said:

"*   *   *   To permit a railroad company to plead the statute of limitations as against some, and to waive it as against others, would be to refer some and discriminate against others, in violation of the terms of the Commerce Act, which forbids all devices by which such results may

.be accomplished. The prohibitions of the statute against unjust· discrimination relate not only to inequality of charges and inequality of facilities, but also to the giving of preferences by means of consent judgments, or the waiver of defenses open to the carrier."

Going back to the New 'Mexico statute, it is to be ob-.served that it applies solely to charges for transportation, and to nothing else. There is nothing in the words of the statute to show that any matter concerning the facilities of transportation and giving of preferences by consent judgments or waivers, or devices by which unlawful discriminations as to charges, etc., might be accomplished, were within the orbit of the legislative consideration. There is nothing in the plain letter of this statute, nor its obvious intent, which justies the construction the defendant would place upon it.

[2] Defendant claims that the reply does not state facts sufficient to show a waiver, and that such infirmity was raised by its motion for judgment on the pleadings. There is nothing in the record to show this. There was no objection which points out specifically the vice now sought to be taken advantage of. Referring to the record, which we quoted above, the objection is:

"That the pleadings are insufficient to sustain a different judgment, notwithstanding· any evidence which might be produced in that the facts alleged by way of new matter in plaintiff's second amended reply are insufficient to avoid defendant's defense by way of new matter and admitted by plaintiff."

There is an insertion by way of parenthesis that:

"It being specially stipulated that said objection and motion were made on the grounds stated in sufficient detail as to direct the attention of the court to the specific questions which they sought to raise."

But this stipulation cannot take the place of such specific language as would advise this court exactly what questions were passed upon by the lower court. Indeed, the trial court undoubtedly held that the defendant

could not waive the limitation of time in which to bring suit, and, if so, it was certainly not called upon to pass upon the other point now raised. If it had held the allegation insufficient, the plaintiff would have had the right to amend if he could. To pass upon the question against him would deprive him of that right. To hold with the defendant would be to pass upon a point on which the lower court was not given an opportunity to rule, as far as the record shows.

For the reasons stated above, the judgment of the lower court will be affirmed as to the second cause of action contained in the complaint, and reversed as to the first and third causes of action; and it is so ordered.

PARKER and ROBERTS, J.J., concur.