[No. 3417. June 9, 1930.]

[Rehearing Denied July 17, 1930.]

KOCH v. ZIEGLER.

[290 Pac. 321.]

A. M. Edwards, of Santa Fe, for appellant.

John J. Kenney, of Santa Fe, for appellee.

## OPINION OF THE COURT

WATSON, J.

Appellee was employed by appellant as driver of a laundry wagon. The written contract provided that appellee would not, within a period of two years after leaving the service of the laundry, for himself or for any other laundry or dry cleaning establishment, solicit or deliver orders in the city of Santa Fe. His employment having terminated, he entered the service of a competing concern, and appellant sought to enjoin him. On final hearing the temporary writ was dissolved and the complaint dismissed.

The question presented here is very narrow. While appellant reviews the authorities and insists upon the validity of such contracts as this, appellee does not meet the issue. He admits that the weight of present authority supports such contracts. The learned trial judge so expressed himself. The judgment is not based on the invalidity of the contract, and that question is not before us. It is the theory of the judgment that appellant wrongfully discharged appellee from his employ and hence released appellee from the contract. Appellant does not seek a review of the evidence. He does not question the principle. He contends only that no such issue was presented by the pleadings.

It may well be doubted whether the pleadings, carefully considered, raise the issue of reasonableness of appellee's discharge. But appellant is in no position to complain. Without objection he participated in litigating that issue. He made none but general objections or exceptions to findings or judgment, and none at all to evidence. If objection had been made, the pleadings might have been amended. Numerous well-established principles forbid that we should hear appellant to interpret the pleadings differently than the trial court did, with his acquiescence.

The judgment must be affirmed, and the cause remanded. It is so ordered.

CATRON and SIMMS, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.