## MARGARET E. DEMPSEY AND ANOTHER v. JOSEPH F. MEIGHEN AND OTHERS.

109 N. W. (2d) 317.

May 26, 1961—No. 38,015.

*Stearns & Kampmeyer, Harry S. Stearns, Jr.,* and *Miles E. Efron,* for appellants.
*William J. Nierengarten,* for respondents.

KNUTSON, JUSTICE.

This is an appeal from a judgment entered pursuant to findings of fact, conclusions of law, and order for judgment in favor of plaintiffs based upon a special verdict submitted to a jury.

The case involves a dispute over the ownership of certain farm land in Fillmore County, the description of which is unimportant here. Many of the facts are identical with those set forth in detail in Dempsey v. Meighen, 251 Minn. 562, 90 N. W. (2d) 178, involving the same par-

ties but different parcels of land, and need not be repeated here. It is sufficient to say that during the lifetime of Thomas J. Meighen, Sr., he acquired large holdings of land in Fillmore County and other counties. His wife was Mary Meighen, and by their marriage they had three children, Margaret E. Dempsey and Thomas J. Meighen, Jr., plaintiffs in this action, and Joseph F. Meighen, one of the defendants herein. Reference will be made to the parties hereinafter by their first names in order to avoid confusion.

In 1932, Thomas, Sr., by deed, conveyed the Fillmore County land in question to Margaret as a gift without any consideration on her part. On January 9, 1936, at the request of Thomas, Sr., Margaret and her husband executed a quitclaim deed in which Mary, the wife of Thomas, Sr., was named as grantee, and delivered the deed to Thomas, Sr. It was unrecorded until many years after the death of Thomas, Sr., and his wife, Mary, when it was recorded by Joseph, who then claimed to be the owner of the land under and by virtue of two deeds which he contends were executed and delivered by Mary to him. This action was brought to set aside the deeds from Mary to Joseph, Margaret claiming to be the owner of the land. The jury found that the deeds from Mary to Joseph were never delivered during her lifetime, and that finding is not challenged here. Instead, it is now the contention of Joseph that the deed from Margaret to Mary vested title in her and that as a consequence the land belongs to Mary's estate. Margaret, on the other hand, contends that the deed from her to Mary was delivered to Thomas, Sr., conditionally and that the condition was never fulfilled prior to the death of Thomas, Sr., hence that she remained the owner of the land.

The jury found, and the trial court adopted that finding, that the deed from Margaret and her husband to Mary was never delivered, and from that the court drew the conclusion that Margaret was and still is the owner of the land. The only question before us on this appeal is whether the evidence sustains the court's finding in that respect.

The court submitted to the jury a special verdict in the form of a number of questions, and essentially the jury found (1) that Thomas, Sr., was not the agent of Margaret at the time he received the deed

dated January 9, 1936; (2) that Thomas, Sr., was not the agent of Mary at the time he received that deed; (3) that Thomas, Sr., was acting in his own behalf in accepting the deed of January 9, 1936; and (4) that Thomas, Sr., did not deliver the deed to Mary prior to his death.

The other questions answered by the jury are of no consequence here, so we need pay no further attention to them.

■ The applicable rules of law are adequately stated in Barnard v. Thurston, 86 Minn. 343, 347, 90 N. W. 574, 576, where we said:

"A delivery of a deed in the lifetime of the grantor is essential to its validity, whether it be a conveyance for a valuable consideration or a voluntary one in consideration of love and affection. The question of the delivery of a deed or other written instrument is one of intention, and, to constitute a complete delivery thereof, the grantor must deal with it in a way evincing an intention to part presently and unconditionally with all control over it, and that it shall take effect according to its terms. No formality is necessary to make the delivery complete, for any acts or words which clearly indicate such intention on the part of the grantor will, if the deed is accepted by the grantee, constitute a complete delivery thereof. The unconditional delivery of a deed by the grantor to a third party for the grantee is, when accepted by the latter, a complete delivery, and is as effectual to pass the title to the land described in the deed as if it were delivered by the grantor to the grantee. [Citing cases.]

"The weight of judicial authority also seems to sustain the rule that where a deed, which is beneficial to the grantee, and imposes no burdens upon him, is delivered unconditionally by the grantor, with intent that it shall take effect immediately, to a third party, for the use and benefit of the grantee, who has no knowledge of it, his acceptance of it will be presumed, and the delivery will be complete, and sufficient to pass the title to him."

Where, however, a deed is delivered on condition, it is elementary that the condition must be fulfilled before the delivery becomes effective.[1]

---

[1] 26 C. J. S., Deeds, § 48.

Margaret testified that the deed she executed in 1936, naming her mother as grantee, was delivered to Thomas, Sr., to be used in case an emergency arose for the protection of her mother and that no such emergency did arise during the lifetime of Thomas, Sr. Respondents contend that thereafter there could not be and never was a delivery of the deed. The trial court accepted that testimony as the truth, as did the jury. The actions of the parties subsequent to the death of Thomas, Sr., corroborates Margaret's version of the facts. Thomas, Sr., died shortly after the execution of this deed in 1936. Defendant Joseph was named as coadministrator of his estate, and it was not until many years after the subsequent death of Mary that the deed was recorded. Thomas, Sr., was in possession of the deed when he died. Mary at no time claimed the land as her own. Margaret testified that at a meeting in the office of John F. D. Meighen, an attorney at law and a nephew of Thomas, Sr., which was held shortly after the death of Thomas, Sr., the affairs of the deceased were discussed by Mary, Joseph, Margaret, and John, the latter being the family attorney, and that at that meeting she, and no one else, claimed this property as her own. Mary did not claim it, and neither did Joseph. In 1945, the year prior to the death of Mary, Mary, Margaret, and Joseph visited and discussed this land, and it is the testimony of Margaret that at that time she referred to the land as hers and that neither Mary nor Joseph disagreed with that claim.

■ Essentially, the question before us is simply a fact issue. It is elementary that if there is evidence reasonably tending to sustain the finding of the jury and the trial court it must stand. An examination of a voluminous record discloses ample support for such finding.

Affirmed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.