374 P.2d 500

Buck HARVEY and Laheeta Harvey, his wife, and Gerald Farr and Linnie Farr, his wife, Plaintiffs-Appellees,

v.

Richard D. BOKUM, III, Defendant-Appellant.

No. 6970.

Supreme Court of New Mexico.

Sept. 13, 1962.

Lyle E. Teutsch, Jr., Thomas A. Donnelly, Santa Fe, for appellant.

John D. Donnell, Santa Fe, for appellees.

CHAVEZ, Justice.

Appellant, defendant in the lower court, appeals from a judgment in the amount of $7,575.64, for breach of a written contract, consisting of appellant's failure to restore a well, damaged by him, to its original condition.

Under the contract appellant was authorized to clean out and deepen the well to test for uranium and then to restore it to its original condition.

The trial court found that the well was damaged so that it·did not flow as it formerly did and that appellant failed to restore it to its original condition; that the well had furnished water for six sections of land used for grazing; .that the six sections were capable of carrying 180 yearling cattle at a market price for pasture of $450 per month; that appellees lost use of the land for twelve months, thereby being damaged to the extent of $5400; that appellees were required to move the cattle in July, 1956, at a cost of $250; and that appellees were required to expend $1923.64 for restoration of the well.

Under points I and II, appellant contends that the trial court committed error in finding that appellees incurred an expense for moving their cattle out of their pasture to another area, and in finding that appellees were damaged for loss of the use of the pasture for a period of twelve months. Appellant says that these expenses constituted special damages and were not specifically pleaded or proven.

The subject matter of the contract was that appellees, being the owners of the

"Red Canyon Ranch" in Torrance County, consisting of some 58 to 60 sections of land upon which there was located a stock water well, granted appellant the right to proceed to stake certain mining claims on said ranch. Appellant was also given the right to remove the casing and sucker rod from the well, clean and deepen the same, make tests for the presence of uranium bearing ores, and then restore the well to its original condition.

The evidence discloses that appellees were partners in the cattle ranching business. The water well is a little over 400 feet deep and is used to water stock.

The trial court found that the water well furnished water for six sections of grazing land which was used for grazing purposes, and that as a result of the damage to the well there was no water available for a period of twelve months and that appellees were required to move the cattle out of the six-section pasture in July, 1956, because of the damage or destruction of the use of the well by appellant or his agents.

The trial court also found that appellees incurred expenses in the amount of $250 for moving the cattle by truck out of the pasture; that said six-section tract of land was capable of grazing or carrying 180 yearling cattle; that the market price for pasture at that time was $2.50 a head monthly, or $450 per month, which appellees lost for a period of twelve months, and on this account, special damages in the sum of $5400.

We have serious doubts that the damages incurred for moving the cattle and for loss of the use of the pasture for twelve months are special damages, as they resulted directly and naturally from the injury to the water well. This, however, we need not decide. Even if we should consider that the damages were special damages and not specifically pleaded, there was no objection to the sufficiency of the complaint or to the evidence, and no complaint was made at the trial as to any variance between the pleadings and the proof offered.

. █ This court has held that when parties litigate and participate without objection, that they cannot on appeal raise the issue that they were not properly pleaded. Mersfelder v. Atchison, T. & S. F. Ry. Co., 24 N.M. 518, 174 P. 989; Nikolich v. Slovenska Nardona Podporna Jednota, 33 N.M. 64, 260 P. 849; and Koch v. Ziegler, 35 N.M. 91, 290 P. 321.

█ We have reviewed the evidence and find that the damages sustained by appellees are fairly susceptible of being ascertained. Pendergrass v. Lovelace, 57 N.M. 661, 262 P.2d 231.

█ Appellant also contends that the award of damages for the loss of the use of the pasture for twelve months was not properly computed by the trial court. We

cannot agree. The computation of the amount of damages with mathematical certainty is not required. Young v. New Mexico Broadcasting Company, 60 N.M. 475, 292 P.2d 776.

Also, there is substantial evidence in the record to support the trial court's findings. State ex rel. Gary v. Fireman's Fund Indemnity Company, 67 N.M. 360, 355 P.2d 291.

Appellant's last point is that the trial court committed error in allowing damages for restoring the water well. There is no merit in this contention.

The trial court made the following finding of fact:

"5. That as a result of the damage or destruction of the well by the defendant, his agents or employees, the plaintiffs were required to expend and did expend the sum of $1923.64 for the restoration of said well to a condition where it furnished water."

The rule as to the measure of damages is set out in Koyen v. Citizens' Nat. Bank, 107 Neb. 274, 185 N.W. 413, as follows:

"Property, such as fences, parts of buildings and machinery, and furnaces, is capable of being replaced, and the proper measure of damages for the destruction thereof is the cost of restoring or replacing such property. 8 R.C.L. 484, sec. 46. If the property destroyed has no value separate and apart from the realty, the measure of damages for property destroyed is the difference between the value of the real estate before the injury and after the injury. But as to the destruction of property which is a part of the real estate whose destruction does the realty itself no damage and is capable of being repaired or replaced, the measure is the cost of repairing or restoring the same."

There is ample evidence from which it can be reasonably inferred that the damages of $1,923.64 required to restore the well, as found by the trial court, were reasonable and necessary.

Finding no error, the judgment of the district court is affirmed.

IT IS SO ORDERED.

CARMODY and NOBLE, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.