466 P.2d 866

Kenneth NOSKER, Plaintiff-Appellee,

v.

WESTERN FARM BUREAU MUTUAL IN-SURANCE COMPANY, Defendant-Appellant.

No. 8848.

Supreme Court of New Mexico.

March 23, 1970.

Darden, Mechem & Sage, Las Cruces, for appellant.

Richard A. Parsons, Ruidoso, for appellee.

## OPINION

TACKETT, Justice.

From a judgment in the District Court of Lincoln County, New Mexico, in favor of plaintiff for $6,000 on a fire loss, defendant appeals.

Plaintiff sued defendant to recover on a fire insurance policy in the face value of $6,000, covering residential property owned by plaintiff and insured by defendant.

Defendant contends that (1) the trial court erred in finding that plaintiff had an insurable interest as the property had been sold to the New Mexico State Highway Commission and a deed delivered; (2) that the property did not have a value of $6,000; and (3) that the plaintiff had been paid by the State Highway Commision, and to allow recovery from the defendant would result in an unjust enrichment to the plaintiff.

The trial court found that plaintiff did have all of the interest in the destroyed property, which had a replacement value of over $6,000, and that the defendant was liable for the full amount of the policy.

For clarification, we will detail briefly what transpired with reference to the property in question. It appears that appellee and his wife executed a contract with the State Highway Commission on July 12, 1967, which, among other provisions, provided that it would be binding only when approved by the Chief Highway Engineer or his authorized representative. The trial court found that the contract was never so approved. The court further found that after the fire on August 5, 1967, and before August 21, 1967, appellee and his wife executed a new contract with the State Highway Commission, which was approved by the Chief Highway Engineer and became binding upon the parties from August 21, 1967. In addition to the contract of July 12, 1967, a deed was executed by appellee and his wife to the State Highway Commission and given to Bruce Mead, a representative of the State Highway Commission, which was a conditional delivery and was not intended to pass title until certain other conditions had been met. Appellee did not have good title, and he was required to secure releases of a mortgage and a life estate, and provide the State Highway Commission with a policy of title insurance. The original deed, or a copy thereof, was delivered to the abstractor. The State Highway Commission was to approve the agreement, construct a turnout for appellee, and agree to sell improvements to appellee with the right of removal on or before August 31, 1967. The contract and warranty deed provided for the purchase of 2.084 acres of land and left ownership of the improvements situate thereon in appellee with the right to remove them until August 31, 1967.

■ As to point I, we are unable to agree with appellant's contentions for the reason that there was substantial support in the evidence for the finding to the effect that there was no effective delivery of the deed with intent to pass title as of July 12, 1967. Coryell v. Kibbe, 80 N.M. 507, 458 P.2d 582 (1969). A deed will not be regarded as delivered while anything remains to be done by the parties who pro-

pose to deliver it. Dempsey v. Meighen, 260 Minn. 206, 109 N.W.2d 317 (1961). Without an intent to pass title, no delivery occurs, even though there has been a manual delivery of the deed. Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135 (1953); Martinez v. Archuleta, 64 N.M. 196, 326 P.2d 1082 (1958); Miller v. Miller, 406 F.2d 590 (10th Cir. 1969); 26 C.J.S. Deeds § 41 at p. 677 and § 48 at p. 704.

Therefore, we hold that the trial court did not err in its finding and conclusion that appellee did have an insurable interest in the property covered by the policy and was entitled to recover for his loss from the insurer. United States v. American Tobacco Co., 166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081 (1897); Insurance Company of North America v. Alberstadt, 383 Pa. 556, 119 A.2d 83 (1956); Heidisch v. Globe & Republic Ins. Co. of America, 368 Pa. 602, 84 A.2d 566, 29 A.L.R.2d 884 (1951); Dubin Paper Co. v. Insurance Co. of North America, 361 Pa. 68, 63 A.2d 85, 8 A.L.R.2d 1393 (1949).

█ Under point II, appellant contends that the trial court erred in finding that the cash replacement or repair value was in excess of $6,000. This point is ruled against appellant as the answer admitted that the building was destroyed by fire and a finding to that effect was submitted. Appellant did not submit a finding that the property was not completely destroyed. Therefore, no error was preserved for review by this court. Rule 52(B) (a) (6), Rules of Civil Procedure (§ 21–1–1(52) (B) (a) (6), N.M.S.A., 1953 Comp.); Hall v. Lea County Electric Cooperative, 78 N.M. 792, 438 P.2d 632 (1968). Speechly v. Speechly, 76 N.M. 390, 415 P.2d 360 (1966). The burden was on appellant to plead and prove that the building was not completely destroyed. Johnson v. Mercantile Ins. Co. of America, 47 N.M. 47, 133 P.2d 708 (1943).

█ Our law is to the effect that lack of certainty of proof of damage, which will prevent a recovery, is uncertainty as to the fact of the damage, and not as to its

amount. The computation of the amount of damages with mathematical certainty is not required. Jackson v. Goad, 73 N.M. 19, 385 P.2d 279 (1963); Harvey v. Bokum, 70 N.M. 444, 374 P.2d 500 (1962); T. F. Scholes, Inc. v. United States, 295 F.2d 366 (10th Cir. 1961); Robert E. McKee General Contractor, Inc. v. Insurance Co. of North America, 269 F.2d 195 (10th Cir. 1959); see Eagle Square Mfg. Co. v. Vermont Mutual Fire Insurance Co., 125 Vt. 221, 212 A.2d 636, 213 A.2d 201 (1965).

█ There is ample evidence to support the trial court's award of $6,000 damages, which was the face amount of the policy.

█ Under point III, appellant claims unjust enrichment or double pay. This point is ruled against appellant, as there was no written request of the trial court to make any findings of fact or conclusions of law on this issue. Rule 52(B) (a) (6), Rules of Civil Procedure, supra; Speechly v. Speechly, supra.

The decision of the trial court is affirmed. It is so ordered.

MOISE, C. J., and DEE C. BLYTHE, D. J., concur.