560 P.2d 948

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Lewis W. CRAMER, Defendant-Appellant.**

**No. 2722.**

Court of Appeals of New Mexico.

Jan. 25, 1977.

Rehearing Denied Feb. 3, 1977.

Certiorari Denied March 8, 1977.

Gerald Chakerian, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Dennis P. Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of embezzlement, defendant appeals. Section 40A–16–7, N.M.S.A.1953 (2d Repl.Vol. 6). The issues involve: (1) title to the property, and (2) conduct of a witness.

*Title to the Property*

The victim owned real property subject to a mortgage. There is evidence that the victim executed a second mortgage in favor of the defendant. Twenty-two days after the second mortgage, the victim executed a quitclaim deed in favor of defendant; a few hours later, on the same day, the victim executed still another mortgage in favor of Montgomery. Proceeds obtained in the Montgomery mortgage transaction were used to pay off the first mortgage. There is evidence that, subsequently, defendant sold the property and retained the proceeds. There is evidence that at all material times defendant was the victim's agent representing the victim's business interests.

Defendant moved for a directed verdict, relying on the quitclaim deed. His contention was that the deed placed title to the property in himself, and that he could not be guilty of embezzlement because he could not embezzle from himself.

State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948) states that an essential element of embezzlement (under the statutes considered in that case) was "[t]hat the property belonged to some one other than the accused." This concept—that the property belong to some one other than the defendant— is implicit in our current statute, § 40A–16–7, supra. See U.J.I. Crim. 16.31; *State v. Moss,* 83 N.M. 42, 487 P.2d 1347 (Ct.App.1971).

The quitclaim deed, however, is not dispositive of the question of who owned the property. There is the question of the intent of the grantor; did the victim intend to pass title to the property? *Evans v. Evans,* 44 N.M. 223, 101 P.2d 179 (1940). "A deed will not be regarded as delivered while anything remains to be done by the parties who propose to deliver it. . . . Without an intent to pass title, no delivery occurs, even though there has been a manual delivery of the deed." *Nosker v. Western Farm Bureau Mutual Ins. Co.,* 81 N.M. 300, 466 P.2d 866 (1970). Intent is a question of fact. See *Coryell v. Kibbe,* 80 N.M. 507, 458 P.2d 582 (1969); *Waters v. Blocksom,* 57 N.M. 368, 258 P.2d 1135 (1953); *State v. Seefeldt,* 54 N.M. 24, 212 P.2d 1053 (1949).

In ruling on the motion for a directed verdict, the trial court was required to view the evidence in the light most favorable to the State. *State v. McKay,* 79 N.M. 797, 450 P.2d 435 (Ct.App.1969). Under this rule the motion was properly denied; the victim's testimony is to the effect that she never intended to pass title to the property to defendant.

Defendant requested an instruction which would have told the jury to find defendant not guilty if title to the property had passed to defendant. The requested instruction was refused; defendant asserts this was error. The contention is frivolous because the question of the victim's intent was submitted to the jury by other instructions given by the trial court. Refusal of a requested instruction is not error when the matter is adequately covered by the instructions given. *State v. Beal,* 86 N.M. 335, 524 P.2d 198 (Ct.App.1974).

*Conduct of a Witness*

An exhibit informs that the victim was a 66-year-old female suffering from senility. She was testifying at the time of a noon recess. As she was leaving the witness box, she missed a step and either fell, or started to fall. One or more jurors helped her to her feet. A juror asked if she was all right; she replied that other than a broken leg, she guessed so.

After the noon recess, defendant moved for a mistrial. The judge had not been in the courtroom when the incident occurred. The facts—the fall, juror help and the conversation—were elicited by the judge questioning counsel and the court reporter. Arguing the mistrial motion, defense counsel added that the prosecutor had escorted the victim into the courtroom. Defendant contended that a mistrial should be granted because the combination of the victim's age and senility, and the fact it was the victim that fell resulted in undue sympathy for the victim with resultant "possible" prejudice to defendant. Denying the motion, the trial court ruled that the "broken leg" comment had been made in jest, that the assistance rendered by the jurors was no more than the human nature of helping someone who fell and the situation was not the sort that would influence a juror's verdict.

At the close of the evidence, defendant renewed the mistrial motion, adding an additional claim—that one or more jurors had helped the victim leave the witness stand after she finished testifying. The court conducted no inquiry as to this claim, however, defendant never asked that an inquiry be made. The renewed motion was also denied.

Defendant contends the foregoing incidents—the fall and the subsequent assistance from the witness stand—"could be construed as an improper display of emotion, physical condition or other misconduct by a witness." It was not so construed by the trial court and there is nothing showing the trial court's view was incorrect.

Defendant also contends the incidents "could be interpreted as an unauthorized contact between the jurors and a witness." Assuming the incidents amounted to unauthorized contact, and assuming a presumption of prejudice resulted, the facts represented to the trial court were such that the trial court could properly rule no prejudice resulted. The trial court expressly so ruled when the motion was first made; such a ruling is implicit in the denial of the renewed motion. See *State v. Gutierrez,* 78 N.M. 529, 433 P.2d 508 (Ct.App.1967).

Additional issues were listed in the docketing statement, however, they have not been briefed and are deemed abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.