638 P.2d 1077

STATE of New Mexico,
Plaintiff-Appellee,

v.

Eloy Jerome ORONA,
Defendant-Appellant.

No. 13604.

Supreme Court of New Mexico.

Jan. 4, 1982.

Mary Lou Carson, Tierra Amarilla, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Jean Vigil, Arthur Encinias, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Defendant was found guilty of one count of criminal sexual contact in the third degree and one count of criminal sexual penetration in the first degree (CSP I) on the ground that the victim was a child under the age of 13. On appeal, defendant challenges his conviction. We affirm.

This was defendant's second trial on the same counts. On appeal, his prior conviction was reversed and remanded for a new trial in *State v. Orona*, 92 N.M. 450, 589 P.2d 1041 (1979). Upon remand, an attorney from the public defender's office entered an appearance as Orona's counsel. This attorney filed a motion to withdraw from the case four months later, based on the allegations that he had insufficient time to prepare for trial and that he and the defendant had differences of opinion. The motion was denied and the case proceeded to trial.

At trial, defendant admitted to criminal sexual contact with a minor but denied penetration. Pursuant to N.M.U.J.I.Crim. 9.56, N.M.S.A.1978, the jury was instructed that defendant was guilty of CSP I if he caused a child under the age of 13 to engage in cunnilingus. A definition of cunnilingus, contained in N.M.U.J.I. 9.84, N.M.S.A.1978, was given to the jury.

While deliberating, the jury requested a definition of penetration and inquired whether cunnilingus constituted penetration. The judge informed the jury that the questions could not be answered and that the law governing the case was contained in the instructions as given.

We consider these issues: (I) Whether defendant received effective assistance of counsel; and (II) Whether the jury was properly instructed on the crimes for which defendant was tried and convicted.

## I.

On the issue of effective assistance of counsel, New Mexico has followed the sham and mockery test. New Mexico appellate courts, since *State v. Moser*, 78 N.M. 212, 430 P.2d 106 (1967), have articulated the standard as follows: There is a denial of effective assistance of counsel only where the trial considered as a whole was a mockery of justice, a sham or a farce. We hereby reject this standard and adopt the test for the sixth amendment right to effective assistance of counsel as recently announced by the Tenth Circuit Court of Appeals in *Dyer v. Crisp*, 613 F.2d 275, 278 (10th Cir.), *cert. denied*, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980): "The Sixth Amendment demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney."

In adopting this standard, the *Dyer* Court noted that "even though courts in this circuit have articulated the 'sham and mockery' test, they have been in fact applying the more stringent 'reasonably competent' test, and that formal adoption of this standard represents a change in name." *Id.* A review of New Mexico case law leads us to a similar conclusion. Although this Court and the Court of Appeals of New Mexico have articulated the "sham and mockery" test, there has been a trend toward interpreting the test as requiring a minimum standard of professional representation embodying the requirement that counsel conform to expected professional standards and exercise the customary skills and diligence of a reasonably competent attorney. *See State v. Marquez*, 79 N.M. 6, 438 P.2d 890 (1968); *State v. Selgado*, 78 N.M. 165, 429 P.2d 363 (1967); *State v. Gutierrez*, 93

N.M. 232, 599 P.2d 385 (Ct.App.1979); *State v. French*, 92 N.M. 94, 582 P.2d 1307 (Ct. App.1978). For example, in *State v. Trivitt*, 89 N.M. 162, 168, 548 P.2d 442, 448 (1976), this Court, in finding that the trial did not result in a "sham, farce or mockery of justice," so found because there was "no showing whatsoever that trial counsel did not use a 'normal and customary degree of skill.'" *Accord, State v. Whiteshield*, 91 N.M. 96, 570 P.2d 927 (Ct.App.), *cert. denied*, 91 N.M. 4, 569 P.2d 414 (1977). Accordingly, adoption of this new standard does not represent a departure from case law in this State but merely formalizes a trend found in assistance of counsel cases in this State over the last several years. However, any New Mexico cases which have strictly applied the sham and mockery standard are hereby overruled insofar as they are inconsistent with this opinion.

■ Tested against the new standard, Orona's claim that his constitutional right to counsel has been violated, fails nevertheless. Orona argues that since his attorney stated that he did not want to represent Orona and that he felt he did not adequately represent Orona, this was sufficient proof of ineffective assistance of counsel. We disagree. The record reflects that counsel filed pretrial motions, had the benefit of the record of the prior trial which included lengthy testimony of the State's chief witnesses, tendered motions at trial, actively participated in voir dire, vigorously objected to witness testimony, vigorously cross-examined and argued strenuously for his tendered jury instructions. We note the uncooperative attitude of the defendant as reflected in the record and the fact that ten attorneys and five judges have participated in the litigation up to this point. Thus, this attorney's representation was buttressed by the efforts and work products of nine other attorneys throughout Orona's two trials. These facts support our conclusion that the representation received did not fall below the minimum standard of reasonable competence expected of a defense attorney in criminal cases.

Furthermore, as discussed below, even if the attorney's advice that the defendant admit sexual contact with a minor were an error in judgment, this does not necessarily constitute ineffective assistance of counsel. Bad tactics and improvident strategy do not necessarily amount to ineffective assistance of counsel. The defense received by Orona concededly was not errorless. However, that is not the sixth amendment test. We conclude that the representation received was not so deficient as to require reversal.

II.

A CSP I offense was charged in this case. Pursuant to N.M.U.J.I.Crim. 9.56, the jury was instructed that defendant was guilty of CSP I if he caused a child under the age of 13 to engage in cunnilingus. A definition of cunnilingus, contained in N.M.U.J.I.Crim. 9.84, was given to the jury. At trial, defendant admitted to sexual contact with a minor but denied penetration, which is an essential element of CSP. Criminal sexual contact carries a sentence of two to ten years, while CSP I carries a maximum sentence of life imprisonment. Defendant attacks the instructions on two grounds.

■ First, defendant contends that the court erred in giving the jury an instruction which allowed the jury to find him guilty under the statute titled "Criminal Sexual Penetration" when in fact there was no penetration. Defendant asserts that his proferred definition, which mandated penetration as an element of CSP I, should have been tendered to the jury in addition to N.M.U.J.I.Crim. 9.84. We disagree.

The trial court set forth the elements of the crime of CSP I in the language of the statute. Instructions which substantially follow the language of the statute are sufficient. *State v. Maestas*, 63 N.M. 67, 313 P.2d 337 (1957); *State v. Jiminez*, 89 N.M. 652, 556 P.2d 60 (Ct.App.), *cert. denied*, November 12, 1976. It was not error for the trial court to refuse to give the requested instruction since the same subject matter was adequately covered in the instructions given by the court. *State v. Cramer*, 90 N.M. 157, 560 P.2d 948 (Ct.App.), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977).

Second, defendant asserts that the N.M. U.J.I. 9.84 definition of cunnilingus is ambiguous since it encompasses two types of criminal actions. He asserts that the Legislature clearly differentiated between two crimes, one requiring contact only and one requiring penetration. He asserts that therefore, this definition which encompasses two types of actions is ambiguous.

The committee that drafted this uniform jury instruction anticipated this argument. In the commentary to the definition contained in N.M.U.J.I.Crim. 9.84, the committee stated:

> The committee considered the question of whether the legislature intended to restrict the definitions of "cunnilingus" * * * to those acts involving penetration. It was concluded that the legislature used those terms in the sense set out in these definitions.

We find the committee's refusal to limit this crime to those acts involving penetration persuasive. The conduct admitted at trial by the defendant is sufficient to establish the crime of CSP I and constitutes the type of conduct the Legislature intended to proscribe in Section 30–9–11, N.M.S.A.1978. Accordingly, we hold that the jury was properly and sufficiently instructed in this case.

Upon review of the remaining three issues raised by defendant in this appeal, we find them to be without merit.

The judgment and sentence of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and PAYNE, J., concur.

EASLEY, C. J., dissents.