This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                        **NO. 29,916**

**RICHARD VASQUEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**V. Lee Vesely, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Richard Vasquez (Defendant) appeals from the judgment, order, and commitment to the corrections department, convicting him after a jury trial of four counts of criminal sexual contact of a minor. [RP 183] Defendant raises one issue on

appeal: whether Defendant was denied due process and a fair trial because necessary witnesses who were available to testify were not called at the trial of this matter. [DS 7] On this issue claiming ineffective assistance of trial counsel, the calendar notice proposed summary affirmance on direct appeal. [CN1] Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

Counsel is presumed competent. *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127. There is a two-fold test for proving ineffective assistance of counsel: the defendant must show that (1) counsel's performance fell below that of a reasonably competent attorney, and that (2) the defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.*

In this case, Defendant was tried upon an indictment of nine charges, including Counts 1 through 8 of criminal sexual contact of a minor (CSCM) and Count 9 of criminal sexual penetration (child under 13) in the first degree (CSPM). [RP 2-2A] After a jury trial on March 12, 2008, Defendant was convicted of Counts 1 though 4 (CSCM), he was acquitted of Count 9 (CSPM), and the jury could not reach a verdict

on Counts 5, 6, 7, and 8 (CSCM). [RP 98-103] The district court declared a mistrial, with power reserved by the State to retry Defendant. [RP 105]

Defendant retained new counsel for the second trial. [RP 116] A second trial date was set and continued several times for various reasons. [RP 119, 132, 149] Defendant filed a list of witnesses and exhibits he intended to call at the second trial. [RP 140, 141, 161] Subsequently, the State filed a nolle prosequi of the counts on which the jury at the first trial had disagreed, Counts 5, 6, 7, and 8. [RP 164] Judgment was entered upon the jury's verdict at the first trial, convicting Defendant of Counts 1 through 4 (CSCM). [RP 183] This appeal followed.

On appeal, Defendant argues that he was rendered ineffective assistance of counsel at the first trial because his defense counsel did not call all the witnesses his defense counsel for the second trial identified, including the victim's grandmother, Mr. Hinojos, and Ms. Gutierrez (a teacher and teacher's aide). [DS 5] The victim testified that although she told her grandmother and her teacher and teacher's aide that Defendant was sexually abusing her, they did nothing and did not report the abuse to anyone. [DS 4] According to Defendant, the teacher and teacher's aide would have testified that they would have obeyed the law to report any allegation of sexual abuse if the victim had in fact told them about it. [Id.]

3

In his memorandum, Defendant argues that this Court is taking the position that a criminal defendant cannot ever demonstrate, in the context of a direct appeal, that his trial counsel's failure to call certain witnesses during trial would constitute ineffective assistance. [MIO 1] Defendant continues to point out that his docketing statement indicates that the teacher and the teacher's aide would have testified that the victim never reported any abuse to either of them, contrary to the statement made by the victim. [MIO 3] Since this testimony would have impugned the credibility of the victim, Defendant contends, his first defense counsel's failure to identify these witnesses and obtain their testimony constituted deficient performance that was highly prejudicial to Defendant's "ability to mount the best possible defense available to him." [MIO 3-4] Defendant argues that a full review of the testimony presented at trial is necessary for a proper determination as to the scope of prejudice suffered by Defendant as the result of his trial counsel's deficient performance. [MIO 4] We are not persuaded.

Defendant's discussions with his counsel at the first trial as to what witnesses should be called to testify for the defense are not matters of record for this Court to review on direct appeal, whether this case is reviewed on the summary or the general calendar. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19,

132 N.M. 657, 54 P.3d 61. In this case, there are facts necessary to a full determination that are not part of the record, and therefore, an ineffective assistance claim is more properly brought through a habeas corpus petition. *Id.*

Moreover, whether the victim reported the abuse appears to be collateral to her testimony that the jury determined supported Defendant's convictions for Counts 1 through 4 (CSCM). In this regard, we note that on direct appeal Defendant is not contesting that substantial evidence was presented in support of his convictions. In addition, we note that Defendant's first counsel was successful in obtaining an acquittal on the CSPM charge and a hung jury on Counts 5, 6, 7, and 8, which the State later dropped. Further, Defendant has not shown that Defendant's first counsel was aware of these witnesses or whether he considered that a more effective trial strategy was to rely on cross-examination of the victim rather than present these other witnesses' testimony. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (stating that on appeal, we will not second guess the trial strategy and tactics of the defense counsel); *see also State v. Orona*, 97 N.M. 232, 234, 638 P.2d 1077, 1079 (1982) (expressing that in the cool light of hindsight this may not seem to be the best of tactics, but, of course, "bad tactics and improvident strategy do not necessarily amount to ineffective assistance of counsel"). Finally, we cannot say whether the testimony of these witnesses would have, in fact, helped or hindered Defendant's

5

defense. *See, e.g., State v. Baca*, 1997-NMSC-045, ¶ 20, 124 N.M. 55, 946 P.2d 1066 (stating that whether a defendant is prejudiced depends on whether the allegedly incompetent representation prejudiced the case such that but for counsel's error, there is a reasonable probability that the result of the conviction proceeding would have been different), *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783.

**CONCLUSION**

We hold, therefore, that Defendant has not made a prima facie case on direct appeal that his counsel was ineffective. *See* Rule 5-802 NMRA; *see also State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____

6

**RODERICK T. KENNEDY, Judge**