258 P.2d 1135

WATERS v. BLOCKSOM et al.

No. 5625.

Supreme Court of New Mexico.

June 30, 1953.

O. O. Askren, Roswell, for appellant.
George L. Reese, Sr., Roswell, for appellees.

COMPTON, Justice.

Following the sudden tragic death of the decedent, Bob J. Waters, an officer went to his home in Roswell, where he had resided alone, and among his personal effects, found an unrecorded deed purporting to convey title to the premises in controversy from him to his brother Joe Waters, the appellant.

Appellee, Fred W. Blocksom, is the administrator of his estate. The deceased is survived by two daughters, appellees Jessie Stanis and Mrs. Walter F. Pennel, apparently his only heirs. On the strength of the deed, appellant instituted a quiet title action, claiming to be the fee simple owner of the premises. Appellees admit the execution of the deed but among the several defenses pleaded, assert that the deed was never delivered by the grantor nor accepted by the grantee. The lower court so concluded and a determination of this issue disposes of other defenses.

 The intention of the parties, particularly the grantor, is an essential and controlling factor in determining the question of delivery. For an effective delivery there must be a giving of the deed by the grantor and receiving of it by the grantee with a mutual intention to pass the title from the one to the other. 16 Am.Jur. Deeds, § 115. It must definitely appear the grantor intended to irretrievably part with control and dominion over it. And intention may be established from words and actions at time of delivery, or it may be inferred from the circumstances preceding, attending, and subsequent to the execution of the deed. Tested by the rule announced, we turn to the evidence briefly. It is conceded that in 1938 the grantor, while visiting in Lawton, Oklahoma, had the deed in question prepared, which he acknowledged. Appellant did not record the deed but retained it for sometime. The grantor called for it in 1939 or 1940 and appellant delivered it to him. He kept the deed until August 1941, when it was mailed by the grantor from Roswell to appellant in Lawton, Oklahoma, with suggestions as to where it should be recorded and so forth. Again in 1945, the grantor asked for the deed and again appellant redelivered it to him, after which it was left with friends in Roswell, Mr. & Mrs. Cole, with directions to deliver it to appellant in the event anything should happen to him. The Coles retained the deed until 1950, when it was delivered by them to the grantor. As previously stated, it was later found among his papers after his death.

 The evidence relied on by appellant with respect to delivery of the deed in Oklahoma is the testimony of himself and wife, in addition to the presumption, prima facie proof, arising from possession of the deed on two occasions. He testified that the grantor immediately after having the deed prepared, handed it to him with directions to have it recorded. But the trial

court was not required to accept as true the sworn testimony of the witness. Lohman v. Lohman, 29 Cal.2d 144, 173 P.2d 657; Berg v. Journeymen's P. & G. F. Union, 5 Cal. App.2d 582, 42 P.2d 1091. The general rule that uncontradicted testimony cannot be disregarded by the court, is subject to many qualifications and exceptions. As it is the duty of the trial court to determine what credit and weight shall be given to the testimony, an appellate court will not disturb a finding or conclusion denying credence, unless it appears that there are no facts or circumstances which at all impair the accuracy of the testimony. Hufstetler v. Department of Industrial Relations, 107 Cal.App. 741, 290 P. 922. That the trial court concluded the instant case is an exception to the rule, is clear.

■ We are not unmindful that a presumption of delivery arises from the possession by the grantee but this presumption is not conclusive and may be rebutted. The presumption disappears where the evidence shows nondelivery, or where the circumstances dispel an intention to deliver. The testimony of appellant himself strongly indicates that there was neither delivery nor acceptance. He testified:

"Q. Did you record it? A. I do not know whether I told him that in Mr. McQuiston's office but I did tell him I would not go register it.

\* \* \* \* \* \*

"Q. How long did you keep it in your possession? A. Until the spring of 1945.

"Q. How come you to let it out of your possession in 1945? A. Well, my wife and I had discussed it and we decided to have him keep the deed rather than us. We kept it in a bucket in our celler, and I was thinking about moving to town and I thought it would be best for him to keep *his* papers himself.

\* \* \* \* \* \*

"Q. You never recorded it? A. No, sir.

\* \* \* \* \* \*

"Q. And you told him you would not record it while he lived? A. You mean talking in Mr. McQuiston's office?

"Q. Yes, sir. A. No, sir I did not tell him that in Mr. McQuiston's office. I said I would never record it while we were going to my home or in my home one; I was not in Mr. McQuiston's office then.

\* \* \* \* \* \*

"Q. And when he sent the deed back to you there in 1941 in that envelope that has been introduced in evidence here, he told you then you should record the deed, did he not? A. He asked me to record it and I said I would

never record it as long as he was living.

"Q. That was the *understanding* between you and Bob Waters you would not record the deed while he lived? A. Yes, sir. * * *" (Emphasis ours)

Moreover, appellant was obviously under the impression the decedent left a last will and testament in his favor, but none was found. And failing to find a will, appellant, jointly with his brother, wrote his nieces, appellees herein, a letter which clearly recognizes appellees' title and tends to discount his claim under the deed. The letter is so manifest in this respect, we quote it in full:

"Dear Jessie and Bessie:—

"Joe Waters, and brother Forest Waters have not been able to find the will of Bob Waters, deceased, and they are willing to have you go ahead with the administration of the estate, and Joe says that they will not cause you any trouble whatever, and neither will cause you any trouble; and Joe said that if you, the daughters, do not have the money to pay the funeral bill and the costs of the administration, he will take care of that gladly, and that you can reimburse him in any reasonable manner; and that he, Joe will be willing to take the rentals of the property until he is repaid, as it appears that the property can be rented for at least $75.00

per month, with the understanding that you do not sell the property, as he and his brother do not want you to sell the property, as it is in a splendid location, and will likely increase in value as time goes on, and they want you to realize all you can out of the property. The house is on the high ground and no danger of floods, and is convenient to the main part of the City.

"We are taking such part of Bob's clothing as we want in remembrance of Bob.

"Of course if the will should be found before the administration closes, it would take precedence of the administration, but we have found no trace of it to date.

"Very sincerely yours,
/s/ Joe Waters
1701 So. 6th St.,
Lawton, Oklahoma.
/s/ Forest R. Waters
New Llano, La.
·Box 130."

There is other evidence which tends to sustain the court's decisions. During the existence of the deed, deceased paid all taxes, insurance premiums, expended large sums for improvements, occupied and asserted exclusive ownership of the premises. Living in Roswell, he was in a position to record the deed anytime if it were his intention presently to convey the title. The facts

and circumstances are inconsistent with divestiture of title and dispel any presumption which may have arisen by reason of possession of the deed by appellant.

The grantor's possession of the deed, specially at the time of his death, raises a presumption that it had never been delivered. 16 Am.Jur.Deeds, § 386. Thus, it is seen the finding is supported by substantial evidence, circumstantial and presumptive. While the finding in the most part is sustained by circumstantial and presumptive evidence only, nevertheless, findings thus supported will not be disturbed on review. Weeks v. Bailey, 33 N.M. 193, 263 P. 29.

Appellant further contends that if the delivery in Oklahoma was an ineffectual attempt to pass the title, delivery to third persons, the Coles in 1945, amounted to an effective delivery. But the trial court found to the contrary and obviously so because the deed was never beyond recall by the grantor.

Also assigned as error is the refusal of the court to adopt certain requested findings. This claim requires but little consideration. Where there is a conflict in the evidence, the refusal to make findings favorable to the unsuccessful party cannot be sustained as error. Roberts v. Roberts, 35 N.M. 593, 4 P.2d 920.

We conclude that the trial court was warranted in finding the deed never passed beyond the control or dominion of the grantor and did not take effect and pass the title in praesenti. The judgment should be affirmed, and it is so ordered.

SADLER, C. J., and McGHEE, COORS and LUJAN, JJ., concur.