326 P.2d 1082

Jose L. MARTINEZ and Arturo Martinez, Plaintiffs-Appellants,

v.

Amaran ARCHULETA, Genevieve Martinez, sometimes known as Genoveva Martinez, and sometimes known as Mrs. Jose I. Martinez, Defendants-Appellees.

No. 6316.

Supreme Court of New Mexico.

June 17, 1958.

Dean S. Zinn, Santa Fe, for appellants.

Samuel Z. Montoya, Santa Fe, for appellees.

SHILLINGLAW, Justice.

On January 6, 1956, plaintiffs, Jose L. Martinez and Arturo Martinez, filed suit in the District Court of Rio Arriba County seeking to quiet their claimed fee simple title to four tracts of land located in Rio Arriba County. They based their claim upon á deed of conveyance from their father José Ignacio Martinez to them, which deed was dated June 10, 1930 and was recorded in Rio Arriba County on August 11, 1933.

Title to the land in question was acquired by Jose Ignacio Martinez by deed of conveyance from his father, Leandro Martinez, and his mother dated May 10, 1929 wherein there was reserved unto the grantors a certain life estate in part or all of the land conveyed.

From the date of this conveyance until the death of Leandro Martinez the land was used and occupied by Leandro Martinez, Jose Ignacio Martinez and his four children by his first wife. Leandro Martinez and Jose Ignacio Martinez managed and controlled the land until the death of Leandro in 1941.

On June 10, 1930, Jose Ignacio Martinez made a deed of conveyance to the land in question naming his two sons, plaintiffs below, as grantees. At the time of this conveyance the plaintiffs were ages nine and seventeen respectively. This deed was never actually delivered to the plaintiffs or either of them and has never been in their actual possession. On August 11, 1933, some three years after it was made, the deed was recorded in the office of the Rio Arriba County Clerk.

From the time of the death of Leandro Martinez in 1941 until the time of his own death in 1955, Jose Ignacio Martinez farmed the land in question, leased portions thereof, caused improvements to be made by certain lessees, collected, controlled, managed and used all of the rents, issues and profits therefrom.

The plaintiffs had no knowledge of the conveyance from their father to them until 1947 when they were made aware of it apparently as a result of certain title searches to a portion of the land. Prior to 1948 portions of the land had been sold and conveyed by deeds from Jose Ignacio Martinez and his wife, the defendant below. Subsequent to 1947 other portions of the lands were sold, the deeds of conveyance being joined in or executed in some instances by the plaintiffs as well as by another or others of Jose Ignacio Martinez' four children surviving his first wife.

The proceeds of all the sales, both before 1947 and subsequent thereto, were retained and enjoyed solely by Jose Ignacio Martinez. Plaintiffs made no claim of right as to either the land or proceeds derived there-

from during the lifetime of their father. The taxes were paid by Jose Ignacio Martinez from 1930 to 1955 from funds belonging to him and his wife. The couple also paid for all improvements placed upon the land during that time or were responsible for such improvements being placed on the land by lessees and tenants of Jose Ignacio Martinez.

Plaintiffs' first claim of ownership came upon the death of their father on March 13, 1955, who died intestate and was survived by eight children and his widow, the defendant.

The defendant, appellee, claims an undivided interest, along with the appellants and six others, as the widow of the father of the appellants, and an interest by reason of the expenditure of community funds in paying off indebtedness on the property in question. The appellee further contends that the appellants are estopped to deny her interest in the land by reason of the fact that she along with her husband continuously lived on it, that they made improvements on it and that she and her husband leased portions of the property without objection from the appellants.

The case came on for trial before the Honorable James M. Scarborough, District Judge, without a jury on the issues thus raised. In its final decree the court cancelled the deed upon which appellants rely for their title; held that the appellants were not the fee simple title owners to the property in question, but that they owned an undivided interest along with the appellee, the widow and six other children in accordance with New Mexico Statutes of descent and distribution; and, dismissed the complaint.

The appellants do not agree with the facts as found by the court and as reviewed above. Upon this appeal they rely upon two points for reversal of the decree rendered by the trial court. They first contend that the judgment of the trial court is not supported by substantial evidence of record. Under the first point attack is made upon several findings made by the lower court, namely; (a) There was no delivery of the deed. (b) Jose Ignacio Martinez retained complete possession and control over the land until the time of his death. (c) All improvements on the property resulted from community funds or efforts of the father and appellee. (d) All taxes assessed against the land from 1930 to 1955 were paid by the father and the appellee out of community funds. (e) Appellants failed to assert ownership over the property until after their father's death.

Appellants cite much of the record in an attempt to show that there was evidence upon which the lower court could

have ruled in their favor and in an attempt to show that the findings of the lower court were based upon evidence which was something less than substantial in nature. It is the established rule of appellate practice in this jurisdiction, as well as generally, that upon an appeal the court is bound to resolve all conflicts in favor of the prevailing party below and to indulge in all reasonable inferences to support the judgment, disregarding evidence and inferences to the contrary. Archuleta v. Velasquez, 60 N.M. 97, 287 P.2d 989, also Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135.

We are therefore compelled to disregard all the evidence of record except that which serves to support the findings below and to then determine whether that which remains constitutes substantial evidence. So doing, we find evidence substantial in nature upon which the court below could have relied in reaching the findings and determination as it did, and as objected to upon this appeal. The appellants first point must fail.

As their second point on appeal, appellants contend that the trial court erred as a matter of law in dismissing the quiet title complaint and declaring the appellants' deed to be void. It is their contention that the 1930 deed from Jose Ignacio Martinez to the appellants was legally delivered and that the lower court was in error when it ruled that there was no delivery.

In support of this argument, the appellants rely in part on 4 Tiffany, Law of Real Property 199, Section 1034, and 7 Thompson on Real Property, Perm.Ed. 653, Section 4185 and 659, Section 4190. While we have no dispute with the statements there contained, we fail to see their application to the facts in the instant case. There is no evidence in the record which shows that the grantor recorded the deed, and such is the fact situation with which the statements found in the above cited authority concern themselves.

The evidence relied upon by the appellants with respect to delivery of the deed to appellants is their own testimony, in addition to the presumption arising from the recording of the deed. One of the appellants stated that he thought, "* * * probably it was my grandfather," referring to who recorded the deed. The other appellant stated in response to an inquiry as to whether he knew who recorded the deed, "Well, I don't exactly, but I think my dad recorded it." The trial court is not required to accept the sworn testimony of a witness as true. Waters v. Blocksom, supra. The trial court understandably made no finding as to who recorded the deed.

Appellee has cited cases from other jurisdictions upon which this court could draw

200

support in affirming the judgment of the lower court. See, for example, Weber v. Christen, 121 Ill. 91, 11 N.E. 893, 2 Am.St. Rep. 68. We feel, however, that our case of Evans v. Evans, 44 N.M. 223, 101 P.2d 179, is in point and makes turning to cases from other jurisdictions unnecessary.

■ We said in Evans v. Evans, supra, that where the grantor retains control and possession of property described in a deed, intending there be no delivery thereof until after his death, the fact that possession of the deed is in the grantee and its recording was obtained by him, does not establish that title has passed to him. See also, Waters v. Blocksom, supra.

■ We feel that there is evidence of record of a clear and convincing nature which indicates that it was not the intention of the grantor that the appellants gain title to the land in question when the 1930 deed was made or when it was subsequently recorded. As to what his exact intention was, we need not speculate. It will suffice to determine that the grantor's acts with respect to the land in question show it was not his intention to divest himself of the title during his lifetime. 16 Am.Jur. 501.

The judgment of the lower court is affirmed. It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.