741 P.2d 836

**Dora C. VIGIL, Personal Representative of the Estate of Maria E. Sandoval, Deceased, Dora C. Vigil, Individually, and Flora S. Leyba, Plaintiffs-Appellants,**

v.

**Johnny R. SANDOVAL, Defendant-Appellee.**

**No. 8814.**

Court of Appeals of New Mexico.

July 16, 1987.

David S. Abeyta, Sr., Matthew L. Chacon, P.C., Espanola, for defendant-appellee.

Ruben Rodriguez, Santa Fe, for plaintiffs-appellants.

## OPINION

DONNELLY, Chief Judge.

Plaintiffs, Dora C. Vigil, personal representative of the estate of Maria E. Sandoval, deceased, and Dora C. Vigil and Flora S. Leyba, individually, appeal from a judgment of the trial court denying their petitions to cancel and rescind a deed, and entering judgment quieting title in appellee. Three issues are raised on appeal: (1) whether the trial court erred in construing the instrument sought to be cancelled or rescinded; (2) whether there was a valid delivery of the purported deed; and (3) whether findings of the trial court were supported by substantial evidence. We affirm.

Prior to her death in 1981, Maria Encarnacion Sandoval, a widow, executed an instrument denominated "Warranty Deed," dated March 11, 1978, in favor of her grandson, Johnny R. Sandoval, as grantee. The property described in the deed referred to a tract of land located in Chimayo, New Mexico, containing a five-room house together with other improvements. The deed also contained a provision reciting: "Conditions: This instrument shall become effec-

tive only upon the death of Grantor only. If grantor survives grantee this instrument will be void."

Following a bench trial, the trial court adopted findings of fact and conclusions of law determining: that decedent had executed a warranty deed on March 11, 1978, to Johnny Sandoval; that the deed was given by decedent in gratitude for her grandson's care during her last years; and that decedent "desired to give Johnny Sandoval his 'inheritance' before her death." The court found further that decedent had the deed prepared by a notary and specifically requested that the deed state that it would become effective only upon her death. The trial court concluded that the March 11, 1978, deed conveyed a present interest in the property which was irrevocable upon delivery and that:

3. * * * [T]he instrument presently conveyed a fee title to the Defendant, Johnny Sandoval, but postponed possession during the lifetime of [decedent].

  *     *     *     *     *     *

5. The conveyance is a valid deed with title in the Defendant, Johnny Sandoval, and that accordingly, the property is not a part of [decedent's] estate.

## CONSTRUCTION OF DEED

Plaintiffs contend that the trial court erred in determining that decedent intended to convey to her grandson, a present interest in the property described in the deed. Plaintiffs also assert that the deed executed by decedent was an attempted testamentary disposition which was invalid because it did not comply with the statutory provisions for the making and execution of a will, as required by NMSA 1978, Sections 38–1–3, 45–2–502 and –506.

■ A deed executed and delivered by a grantor is not testamentary in character where it passes a present interest, merely postponing the use and enjoyment of the property. *Callaghan v. Reed,* 44 Or.App. 489, 605 P.2d 1382 (1980). If a deed is determined to create a present interest in the property, rather than interest to take effect at death, the instrument is nontesta-

mentary. *In re Estate of Verbeek,* 2 Wash.App. 144, 467 P.2d 178 (1970). A testamentary instrument is one that operates only upon and by reason of the death of the maker; wills are generally ambulatory and revocability is an important aspect of a will. *In re Estate of Vincioni,* 102 N.M. 576, 698 P.2d 446 (Ct.App.1985).

In advancing their arguments, under this point, plaintiffs cite a number of cases from other jurisdictions. We find New Mexico decisions controlling as the factual issues before us. *See Matlock v. Mize,* 55 N.M. 218, 230 P.2d 246 (1950); *Westover v. Harris,* 47 N.M. 112, 137 P.2d 771 (1943).

■ If the deed is otherwise properly executed and acknowledged, contains words of conveyance ordinarily found in deeds, and delivered to the grantee, the fact that the deed recites that it is to take effect only upon death of grantor, does not render the deed testamentary in character, but rather conveys a fee title postponing possession during the life of the grantor. *See Matlock v. Mize; see also Westover v. Harris.*

■ In construing a deed, it is the intent which is expressed in the deed, and not the undisclosed intention of the grantor existing at the time of the instrument's execution which is controlling. *Westover v. Harris.* Courts will construe a deed in such a manner that will uphold the validity of the conveyance, if possible. *Id.* The primary rule of construction is that the real intention of the grantor is to be sought and given effect, ascertained from the language employed, and viewed in light of surrounding circumstances. *Birtrong v. Coronado Bldg. Corp.,* 90 N.M. 670, 568 P.2d 196 (1977); *Garcia v. Garcia,* 86 N.M. 503, 525 P.2d 863 (1974); *Hyder v. Brenton,* 93 N.M. 378, 600 P.2d 830 (Ct.App. 1979).

In *Martinez v. Mundy,* 61 N.M. 87, 295 P.2d 209 (1956), *overruled on other grounds, Evans Fin. Corp. v. Strasser,* 99 N.M. 788, 664 P.2d 986 (1983), our supreme court considered the rule applicable when recitals in a deed are in apparent conflict. The court observed that a deed must be read as a whole, and that "the granting

clause is the main source for determining the estate or interest to be conveyed." *Id.* at 91, 295 P.2d at 212.

■ Here, the trial court's construction of the deed is supported by the language contained in the instrument itself, viewed together with the conduct of the parties. *See Garcia v. Garcia; Matlock v. Mize.* Other evidence adduced at trial is also consistent with the trial court's ruling. Decedent requested David Ortega, a notary public, to draft a warranty deed on her behalf. Ortega testified that decedent told him she wanted to leave the real estate to her grandson, but that she also wanted security for herself. She instructed Ortega to leave the house to defendant to take effect upon her death. Defendant's mother testified that because defendant was under age, decedent delivered the deed to defendant's father to be recorded.

The evidence also indicates that when defendant was eight years old, he moved into the home of his grandmother following the death of his grandfather, and continued to live with her until she passed away thirteen years later. Defendant testified that his grandmother told him the house was his and that he made repairs, lived in and paid the taxes on the house before and after the death of his grandmother. Defendant's cousin, Gloria Ann Vigil, testified that the grandmother had told her that she had "given Johnny the house" and that it was he who needed to be consulted concerning repairs or improvements to the property.

Evidence of a grantor's intent to transfer title by deed may be determined from the language of the deed itself or from surrounding circumstances. *Martinez v. Martinez,* 101 N.M. 88, 678 P.2d 1163 (1984). The trial court's findings and conclusions determined that the will conveyed a present interest to defendant was not inconsistent with the language of the deed, or the testimony contained in the record.

## ISSUE AS TO DELIVERY; SUFFICIENCY OF EVIDENCE

We jointly discuss plaintiffs' second and third points raised on appeal. Plaintiffs assert that there was no substantial evidence to support the trial court's finding that the deed in question was properly delivered.

■ The trial court found that the deed was delivered to defendant's parents "because at the time Defendant * * * was young, and was properly recorded." In order for a deed to be valid, it must be legally delivered. *Den-Gar Enter. v. Romero,* 94 N.M. 425, 611 P.2d 1119 (Ct. App.1980). There must exist a present intent on the part of the grantor to divest herself of title to the property. *Id.* The intent of the parties, and particularly the grantor, is an essential and controlling factor in ascertaining whether or not a valid delivery has occurred. *Martinez v. Martinez; Den-Gar Enter. v. Romero.* The question of whether a grantor had the requisite intent to make a delivery is a question of fact. *Marquess v. Geuy,* 47 Or.App. 351, 614 P.2d 142 (1980); *Horton v. Horton,* 695 P.2d 102 (Utah 1984).

■ Defendant's mother, Candelaria Sandoval, testified that when defendant was still a minor, decedent delivered the deed on defendant's behalf to defendant's father for recording. Defendant's brother, Leonard Sandoval, testified that decedent delivered the deed to defendant's father, and that he accompanied his father to Santa Fe to record the deed. Delivery of a deed to a third person by a grantor, with intent to create a present interest in favor of the grantee, is held to constitute an effective delivery. *Whitworth v. Whitworth,* 233 Ga. 53, 210 S.E.2d 9 (1974) (delivery to and possession of the deed by a parent is evidence of delivery to a minor); *Westover v. Harris,* 47 N.M. 112, 137 P.2d 771 (1943) (where deed to daughter was delivered by mother to her attorney was recorded by mother's attorney and returned to the mother, evidence held sufficient to support finding of valid delivery to daughter). Similarly, proof that a deed has been duly executed, acknowledged and recorded gives rise to a presumption of a valid delivery. *Wynne v. Pino,* 78 N.M. 520, 433 P.2d 499 (1967). This presumption, however, is rebuttable. *Id.; see also*

*Waters v. Blocksom,* 57 N.M. 368, 258 P.2d 1135 (1953). The evidence is sufficient to support the finding of the trial court as to delivery. On appeal, an appellate court will resolve all disputed facts in favor of the successful party, indulge in all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary. *Clovis Nat'l Bank v. Harmon,* 102 N.M. 166, 692 P.2d 1315 (1984); *Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 697 P.2d 156 (Ct.App.1985).

The fact that an instrument, in the form of a deed, containing a provision postponing its taking effect until after the death of the maker is delivered, has been held to constitute additional evidence that the maker intended the instrument to convey a present interest in the property. *See Matlock v. Mize; see generally* Annotation, *Deed Postponing Rights Until Death,* 31 A.L.R.2d 532, 543 (1953).

Plaintiffs also challenge the sufficiency of the evidence to support the trial court's finding No. 5 that decedent "desired to give [defendant] his 'inheritance' before her death." Plaintiff cites evidence in the record tending to indicate that the deed was to be operative only upon her death. However, the testimony of other witnesses, including that of Gloria Ann Vigil, Leonard Sandoval and Candelaria Sandoval, discussed previously, supports the findings of the trial court and constitutes substantial evidence. The test to be applied on appeal is whether there is substantial evidence to support the trial court's ruling, not whether there is evidence to support a different result. *See Abbinett v. Fox,* 103 N.M. 80, 703 P.2d 177 (Ct.App.1985).

The trial court's finding that the warranty deed was properly delivered is supported by substantial evidence.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.