2004-NMSC-038

102 P.3d 640

**Richard M. BLANCETT, Plaintiff–Respondent,**

v.

**Linn Richard BLANCETT, Defendant–Petitioner.**

No. 28,416.

Supreme Court of New Mexico.

Nov. 22, 2004.

Swaim, Schrandt & Davidson, P.C., Donald E. Swaim, Judith D. Schrandt, Albuquerque, NM, for Petitioner.

Miller Stratvert, P.A., Alice Tomlinson Lorenz, Albuquerque, NM, Seth V. Bingham, Farmington, NM, for Respondent.

## OPINION

CHÁVEZ, Justice.

{1} The facts of this case raise a question about whether extrinsic evidence may be admitted to prove a grantor's intent in physically delivering an unambiguous deed to a grantee. Defendant–Petitioner Linn Blancett ("Linn") appeals from an order rescinding and nullifying two deeds that his father, Plaintiff–Respondent Richard Blancett ("Richard"), physically delivered to Linn's wife in 1993. In a memorandum opinion upholding the order, the Court of Appeals held that even when a grantor physically delivers an otherwise unambiguous deed to a grantee, extrinsic evidence may be introduced as to the grantor's intent at the time of delivery. On appeal, Linn urges us to adopt a blanket rule against such conditional deliveries of deeds, arguing that physical delivery of an unambiguous deed is absolute as a matter of law when made to a grantee, regardless of oral conditions. In declining to adopt such a rule, we emphasize that an effective delivery always requires intent by the grantor to make a present transfer, even if the deed is unconditional on its face and has been physically transferred to the grantee. Nonetheless, we hold that where the grantor has physically transferred an otherwise unconditional deed to a grantee, the grantee makes out a prima facie case of legal delivery, and the burden shifts to the grantor to rebut the presumption of intent to make a present and complete transfer of rights. Because here Richard rebutted this presumption with substantial evidence that he lacked such intent, we affirm.

## I. Background

{2} This case concerns the delivery of two deeds executed by Richard Blancett, a 79–year–old rancher in San Juan County. One of the deeds reserved a life estate in Richard and conveyed to Linn a remainder in the surface estate of much of Richard's property. The other reserved a life estate in Richard and conveyed a remainder in the mineral estate of the same property to both Linn and his brother Ed. In 1993 Richard physically delivered the two deeds ("the 1993 deeds") to Linn's wife. Although Richard had some difficulty reading, he nevertheless understood the deeds, though apparently he failed to notice that the property described encompassed more land than he in fact owned. Richard testified that he had the deeds drafted solely as a "stop-gap estate planning tool" until he could prepare more formal estate documents, and he indicated to Linn that he intended the delivery to be a conditional rather than an immediate conveyance. Specifically, Richard testified that he told Linn not to record the deeds unless Richard died or did something "crazy" before creating formal estate planning documents. While Linn disputes the context of this discussion and claims that the statement was made in jest, the trial judge found Richard's version to be

credible and deemed Richard's statement to be an oral condition that precluded legal delivery of the deeds.

{3} In addition to his statements to Linn around the time of conveyance, Richard testified that four years following delivery of the deeds, with Linn's knowledge, he began an extensive process of formal estate planning, including drafting a will and limited family partnership agreement, which disposed of some of the same property covered by the 1993 deeds. Richard testified that during that time he continued to believe that he owned the property at issue in the deeds. Linn did not record the 1993 deeds for over eight years, until after Richard executed his estate documents, which conveyed to Linn less property than did the deeds.

{4} In 2001, Richard filed a complaint to nullify the 1993 deeds, claiming that because he expressly conditioned the conveyance, the physical transfer to Linn did not constitute legal delivery. The trial court denied Linn's motion to dismiss and alternative motion for summary judgment. The trial court also denied Linn's motion in limine to exclude evidence of Richard's conduct subsequent to the delivery. After finding that Richard orally conditioned the delivery of the deeds and did not intend a present conveyance, the trial court entered an order nullifying and rescinding the deeds.

{5} The Court of Appeals affirmed the lower court's rulings in a memorandum opinion. In affirming, the Court of Appeals held that (1) the rule for which Linn argues is contrary to New Mexico law that a grantor must intend to irrevocably part with dominion and control in order to legally deliver a deed; (2) extrinsic evidence is relevant to whether Richard intended to make a present delivery; and (3) substantial evidence supported the trial court's finding that Richard's conditional physical delivery did not constitute legal delivery. We affirm.

## II. Discussion

{6} On appeal, Petitioner Linn briefed four issues: (1) whether a grantor may impose oral conditions on the delivery of a deed to the grantee when those conditions do not appear on the face of the deed; (2) whether,

as a matter of law, the 1993 deeds were legally delivered when Richard physically delivered them, without instruction, to Linn's wife; (3) whether it was proper for the trial court to consider extrinsic evidence in determining the validity of the 1993 deeds when the deeds were clear and unambiguous on their face; and (4) whether there was sufficient evidence for the trial court to grant recission of the deeds. We focus our discussion on the first issue. Because we find that the rule that Linn advocates is contrary to New Mexico's requirement of present intent in order to effectuate legal delivery, we decline to adopt it. We affirm the lower court as to the other legal and factual issues raised on this appeal.

## A. The Requirement for Effective Legal Delivery of a Deed

{7} An effective legal delivery of a deed requires (1) intent by the grantor to make a present transfer and (2) a transfer of dominion and control. *Den–Gar Enters. v. Romero*, 94 N.M. 425, 428–29, 611 P.2d 1119, 1122–23 (Ct.App.1980). It is well settled in New Mexico that a grantor's intent is central and may be determined from words, actions or surrounding circumstances during, preceding or following the execution of a deed. *Id.; Waters v. Blocksom*, 57 N.M. 368, 370, 258 P.2d 1135, 1136 (1953); *Martinez v. Martinez*, 101 N.M. 88, 91, 678 P.2d 1163, 1166 (1984).

{8} Here, both parties concede that a grantee's possession of a validly executed deed ordinarily raises a presumption of legal delivery, which a grantor may rebut with evidence negating his or her intent to make a present transfer. *See Waters*, 57 N.M. at 371, 258 P.2d at 1138; *Vigil v. Sandoval*, 106 N.M. 233, 236, 741 P.2d 836, 839 (Ct.App. 1987). Linn urges us, however, to hold that when a grantor physically delivers a deed to a grantee and no conditions of delivery appear on the face of the deed, the presumption becomes irrebuttable. Under such a rule, derived from common law, any oral conditions made by the grantor become void and legal delivery is absolute, regardless of the grantor's intent. *See Ritchie v. Davis*, 26

Wis.2d 636, 133 N.W.2d 312, 317 (1965) (holding that a grantor may not make a delivery in escrow or upon condition to a grantee); 11 *Thompson on Real Property* § 94.06(g)(2) (David A. Thomas ed., 2d ed.2002); Robert G. Natelson, *Modern Law of Deeds to Real Property* § 17.7 (1992).

{9} The rule that Linn advocates stands in direct contrast to our established case law on deed delivery, which requires a threshold showing of a grantor's intent to irrevocably transfer title. *See Den–Gar*, 94 N.M. at 428–29, 611 P.2d at 1122–23; *Waters*, 57 N.M. at 370, 258 P.2d at 1136; *Martinez*, 101 N.M. at 91, 678 P.2d at 1166. While Linn attempts to distinguish the above cases because they did not involve oral instructions by the grantor not to record until a future occurrence, the distinction Linn draws is inapposite. In *Den–Gar*, for instance, the court upheld the trial court's finding that physical delivery to the grantee was ineffective because the grantor lacked the requisite intent to make a present transfer of title. 94 N.M. at 429, 611 P.2d at 1123. Linn argues that *Den–Gar* turned not on the grantor's intent to deliver but on the fact that the grantor had already issued a conflicting deed to his mother. The court's holding, however, clearly rested on the grantor's lack of present intent to divest himself of title in the second deed. *Id.* at 428–29, 611 P.2d at 1122–23 (considering evidence of grantor's earlier transfer to his mother, in addition to grantor's words and actions at, prior, and subsequent to delivery, and concluding that the grantor did not intend to convey the title to the subject property).

{10} Similarly, *Waters* upheld a lower court's ruling that the grantor lacked the necessary intent to deliver a deed to his brother, the grantee, by considering extrinsic evidence such as the grantee's insistence that he would not record the deed during the grantor's lifetime. 57 N.M. at 368, 371–72, 258 P.2d at 1135, 1137–38. In summarily attributing the court's holding to the fact that the deed was found in the grantor's possession after his death, Linn overlooks the fact that possession was only one of the many factors the court examined in concluding the grantor lacked intent to make an

irrevocable transfer when he passed the deed to the grantee. *Id.*

{11} Further, in *Martinez*, this Court expressly rejected the theory that there can be no conditional delivery to a grantee unless the conditions are expressed in the deed itself. 101 N.M. at 90, 678 P.2d at 1165. There the purchaser in a real estate contract argued that the deed was legally delivered when his parents, the sellers, handed it to him to deliver to a mortgagee to hold in escrow until the mortgage had been fully paid. *Id.* This Court upheld the lower court's findings that the parents' statements made the delivery conditional and prevented legal delivery. *Id.* at 91, 678 P.2d at 1166. Linn argues that the holding in *Martinez* is consistent with a rule against conditional deliveries of deeds because the parents gave the deed to their son "to transmit to a depositary to hold in escrow," rather than to the grantee to hold with conditions. However, the *Martinez* court in fact relied on the same reasoning we reiterate today: a grantor's intent is controlling, regardless of whether a deed is physically transferred to a grantee. *Id.* at 90–91, 678 P.2d at 1165–66; *see also Nosker v. W. Farm Bureau Mut. Ins. Co.*, 81 N.M. 300, 301–02, 466 P.2d 866, 867–68 (1970) (holding that the fact that certain contract conditions had to be met before title could pass precluded an effective transfer, even though deed had been manually delivered).

{12} We are similarly unpersuaded by the other New Mexico cases that Linn cites. In *Westover v. Harris*, 47 N.M. 112, 137 P.2d 771 (1943), upon which Linn relies for the proposition that there can be no oral conditions on delivery because of the "solemnity" of property deeds, this Court upheld a trial court's determination that a mother's conveyance to her daughter represented a deed rather than a testamentary document over which the mother retained control, because substantial evidence showed it was made with the intent to create a present interest in the daughter. *Id.* at 116, 137 P.2d at 773. Rather than refuse to recognize oral conditions on delivery, this Court simply recognized that if the mother had intended to reserve control over the document, she did not adequately express a desire to do so. *Id.*

at 116, 118–19, 137 P.2d at 773–74; *see also Vigil,* 106 N.M. at 235, 741 P.2d at 839 (citing Westover for the proposition that the language of a deed controls in construing the terms of the deed, while a grantor's intent to deliver may be determined from the deed's language or surrounding circumstances).

{13} Consistent with *Martinez* and the above cases, we hold that there may be no legal delivery of a deed without intent to make a present transfer. Nonetheless, while we reject a per se rule against conditional deliveries of deeds, we hold that physical delivery of a deed to a grantee creates a presumption of legal delivery, which a grantor may then rebut with evidence that he or she lacked intent to make a present transfer. In doing so, we acknowledge the important policy concerns that Linn cites—protecting third-party purchasers and creditors, and lending certainty and stability to land titles—and believe they will be adequately served by using the rule as a burden-shifting device.

{14} In support of our approach, we note that other jurisdictions that apply the common law rule seem to do so for the purpose of shifting the burden of proof regarding a grantor's intent to irrevocably deliver a deed. In most of the cases cited by Linn, even when a grantor physically delivered a deed that was unconditional on its face, the grantor was nonetheless able to offer evidence to rebut the presumption of intent to make a present transfer. *See, e.g., Walls v. Click,* 209 W.Va. 627, 550 S.E.2d 605, 612 (2001) (acknowledging that delivery requires both transfer and intent to make a present transfer, and determining that the surrounding circumstances were insufficient to rebut—and in fact supported—the grantor's prima facie proof of intent to irrevocably transfer by physically delivering the deed to grantee); *State ex rel. Pai v. Thom,* 58 Haw. 8, 563 P.2d 982, 987–88 (1977) (noting that delivery to the grantee was absolute, but then considering evidence of the surrounding circumstances to evaluate whether grantor indeed intended to make a present transfer); *cf. Paoli v. Anderson,* 208 So.2d 167, 168–69 (Miss.1968) (holding that the presumption of valid delivery from grantee's possession of a deed, combined with the rule against parol

evidence to alter the terms of a deed, was sufficient evidence for a finding of legal delivery, where grantee had died but the deed was found in his safety deposit box and his actions had indicated that he believed he owned the property).

{15} This burden-shifting approach, rather than a per se rule of preclusion, accommodates New Mexico's strong interest in honoring parties' intent in land transactions, a policy that finds support in modern property jurisprudence. *See Waters,* 57 N.M. at 370, 258 P.2d at 1136 ("The intention of the parties, particularly the grantor, is an essential and controlling factor in determining the question of delivery."); *Chillemi v. Chillemi,* 197 Md. 257, 78 A.2d 750, 753 (Ct.App.1951) ("The ancient rule that the mere transfer of a deed from the grantor to the grantee overrides the grantor's explicit declaration of intention that the deed shall not become operative immediately is a relic of the primitive formalism which attached some peculiar efficacy to the physical transfer of the deed as a symbolical transfer of the land."); Natelson, *supra,* § 17.7. At the same time, providing grantees the benefit of such a presumption, and requiring grantors in cases such as this to present evidence of a lack of intent in order to avoid summary judgment, may help to provide certainty and stability in land transactions—policies that Petitioner cites in favor of the common law rule.

{16} Linn also argues that in delivering the deed to Linn's wife, Richard made an effective delivery because the deed was no longer in Richard's control. In doing so, Linn asks us to distinguish or expand the common law rule discussed above. We are not persuaded. The fact that Richard handed the deed to someone acting on Linn's behalf does not alter our analysis: again, the issue is whether Richard intended to make an irrevocable, present transfer to Linn when he physically handed the deed to Linn's wife. *See Vigil,* 106 N.M. at 236, 741 P.2d at 839 ("Delivery of a deed to a third person by a grantor, *with intent to create a present interest in favor of the grantee,* is held to constitute an effective delivery.") (emphasis added); *Restatement (Second) of Property* § 32.1 cmt. g (1992) (stating that, like deliv-

ery to a grantee, "delivery of the document by the donor to someone other than the donee is a manifestation that the document is presently operative, *unless the circumstances indicate otherwise*") (emphasis added). To the extent that Linn raises a factual challenge as to this issue, we agree with the Court of Appeals that substantial evidence supported a finding that Richard did not intend to effect an absolute transfer when he handed the deeds to Linn's wife.

### B. Extrinsic Evidence Relevant to Determine that Richard Lacked the Requisite Intent

{17} Our discussion of conditional deliveries emphasizes that the grantor's intent to irretrievably part with dominion and control is a threshold requirement for a legal delivery. It is well settled in New Mexico that whether the grantor had such intent may be established by the parties' communications and behavior at, prior to, or subsequent to the time of delivery. *Den–Gar*, 94 N.M. at 429, 611 P.2d at 1123. In claiming that there must be ambiguity in the four corners of a deed before extrinsic evidence of such intent is admissible, Linn mistakes the analysis for construing the *terms* of a deed with the determination of whether there has been an effective delivery in the first place.

{18} In *Den–Gar* the lower court found that the grantor lacked the necessary intent to convey the subject deed to the grantee, based on communications and actions during and subsequent to delivery. The grantee argued that such evidence had been impermissibly admitted as parol evidence to alter the deed's terms. *Id.* at 429, 611 P.2d at 1123. The Court of Appeals, however, held the evidence was relevant to whether the grantor possessed the intent to unconditionally part with dominion and control of the deed, rather than to the deed's terms, and upheld the lower court's ruling as supported by substantial admissible evidence. *Id.*

{19} Here, evidence of the parties' communications and subsequent actions was relevant to determining Richard's intent at the time he physically delivered the deeds, rather than to the terms of the deed or whether he had changed his mind subsequently.

Thus, it is unnecessary in this case to make a threshold determination of whether the deeds were ambiguous or whether the extrinsic evidence contradicted the written terms of the deeds. Consequently, we affirm the Court of Appeals as to this issue.

### C. Trial Court's Finding that Richard Lacked Intent to Make an Absolute Transfer Is Supported by Substantial Evidence

{20} Linn challenges the trial court's recission of the deeds as unsupported by sufficient evidence that Richard lacked the requisite intent for legal delivery. Because the question of whether Richard intended to deliver the deed is an issue of fact, we disturb the trial court's relevant findings and conclusions only if they are unsupported by substantial evidence. *See Vigil,* 106 N.M. at 237, 741 P.2d at 840. In doing so, we resolve disputed facts in Richard's favor, as the successful party below, indulge all reasonable inferences that support the lower court's determination, and disregard any contrary evidence and inferences. *Id.*

{21} We agree with the Court of Appeals that the trial court's determination that Richard lacked the intent necessary for legal delivery was supported by substantial evidence. Specifically, the record shows that (1) Richard told Linn not to record the 1993 deeds unless Richard died without a will or did something "crazy"; (2) Richard testified as to his lack of intent to make a present transfer; (3) Richard offered evidence that he subsequently conducted formal real estate planning, including executing a will and family limited partnership, that were inconsistent with the terms in the 1993 deeds; and (4) Linn did not record the deeds for eight years, until he learned that he stood to receive less property than the deeds had provided.

{22} Linn disputes the admissibility of much of this evidence. Specifically, he argues that Richard's subsequent estate planning is legally irrelevant to Richard's intent at the time of delivery. We are not persuaded that the evidence offered was irrelevant. *See Rothrock v. Rothrock,* 104

S.W.3d 135, 138 (Tex.Ct.App.2003) (noting the question of delivery is controlled by the grantor's intent and is answered by all the circumstances "preceding, attending and following ... execution"). In *Rothrock*, the court excluded evidence of the grantor's subsequent behavior because under Texas law and the facts of that case, such evidence was relevant to whether the grantor had changed his mind *after* delivery, rather than bearing on what his intent had been at the time of delivery. *Id.* at 139. We see no inconsistency between the court's reasoning in *Rothrock* and New Mexico cases on delivery. *See, e.g., Den–Gar,* 94 N.M. at 429, 611 P.2d at 1123 (considering evidence that grantee did not record the deed until at least a year after physical conveyance as relevant to parties' intent and understanding at the time of conveyance).

{23} Further, Linn argues that other "documentary" evidence, which he claims may be equally evaluated by the fact finder and appellate courts, contradicts the evidence offered by Richard. For example, he points to language in a lease that Richard executed to Linn following the 1993 deeds that referred to Richard's "life estate" in the same property described in the deeds, arguing that this demonstrated Richard's belief that his delivery of the deeds had been complete. However, the trial court did not find the language in the lease to bear on Richard's intent in conveying the earlier deeds, and we leave such weighing of evidence to the fact finder.

{24} Because we find substantial evidence to support the lower court's determination that Richard lacked the intent to make a present conveyance, we affirm.

### III. Conclusion

{25} For the foregoing reasons, we affirm the Court of Appeals.

{26} **IT IS SO ORDERED.**

WE CONCUR: PETRA JIMENEZ MAES, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, and RICHARD C. BOSSON, Justices.