This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSEPH LUCERO, ROBERT LUCERO, JOSEPH A. LUCERO, HELEN ANN PONTHIER, DONNA LUCERO DENNEY, MICHAEL LUCERO, and MARY POUSSON,**

     Plaintiffs-Appellants,

v.                               NO.  30,181

**PATRICIA LUCERO, MARIA MONTOYA, and MIGUEL MONTOYA, a minor, by and through Maria Montoya, his parent and next friend,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**John Paternoster, District Judge**

Catron, Catron & Pottow, P.A.
Richard S. Glassman
Santa Fe, NM

for Appellants

Natelson Law Firm
Stephen Natelson
Taos, NM

for Appellees



**MEMORANDUM OPINION**

**KENNEDY, Judge.**

This Court filed an Opinion in this case on August 30, 2011. Defendants filed a motion for rehearing. Due consideration having been had by the panel, the motion for rehearing is hereby granted. The Opinion previously filed in this matter on August 30, 2011, is hereby withdrawn, and the following Opinion is being issued in its place.

Plaintiffs contend that the facts do not establish the grantor's intention to make a present and unconditional transfer, so as to irretrievably part with dominion and control over real property. The district court granted Defendants' motion for summary judgment in their counter-claim to quiet title. Plaintiffs appeal, arguing that the deed Defendants rely upon failed to take effect because there was no legal delivery. Because we hold that Plaintiffs failed to rebut Defendants' prima facie case for summary judgment, we affirm the district court.

**I.    BACKGROUND**

Jose Lucero, the deceased grantor, owned approximately twenty acres of property in Taos County, New Mexico. Plaintiffs are Jose's children, who had lived on the property with Jose and their mother before they moved out of state. Jose subsequently married Patricia Lucero with whom he resided on the property until his

death. Jose and Patricia had a daughter, Maria Montoya. Maria subsequently had a son, Miguel Montoya. Both have resided on the property.

Following serious health problems occurring in 2004, Jose drafted a Warranty Deed, appearing to convey the property to Patricia, Maria, and Miguel (Defendants). The Warranty Deed states:

> JOSE G. LUCERO, for consideration paid, hereby grants unto PATRICIA F. LUCERO[,] wife, MARIA L. MONTOYA[,] daughter[,] and MIGUEL F. MONTOYA, grandson, as inheritance, [w]hose address is P.O. Box 32[,] Arroyo Seco, New Mexico 87514[,] the following described real estate in Taos County, State of New Mexico[:]
>
> . . . .
>
> Containing 19.99 [a]cres more or less, as more fully shown on a [p]lat of survey for Jose G. Lucero together with all water rights and rights of ingress and egress pertaining to said property and all other rights that this property enjoyed.
>
> STIPULATION: I hereby reserve a life estate unto myself[,] stating that this [W]arranty [D]eed will not take effect until my death.

Jose had the deed notarized and kept it in a locked filing cabinet to which he had the only key. This is the key he would have Patricia give Maria on his death bed. He showed the deed and the filing cabinet, within which the deed was kept, to Maria many times. Jose "stated on numerous occasions that it was his intent to convey the property mentioned in the Warranty Deed to [Patricia, Maria, and Miguel]." In addition, Jose directed Maria to have the deed recorded if anything happened to him.

4

In 2006, Jose was hospitalized again due to a heart condition. That same day, Jose gave the key to the filing cabinet to Patricia, instructing her to give it to Maria and stated that "[Maria would] know what to do." Jose died the next day. Maria subsequently recorded the deed.

Upon hearing of Jose's passing, Plaintiffs filed a claim in district court, arguing that the Warranty Deed was invalid for lack of delivery and that the property should pass under the New Mexico intestate statute due to the lack of a will. In response, Defendants moved for summary judgment in a claim to quiet title, arguing that the deed was properly delivered. Plaintiffs argue that, even after the deed was signed, but prior to any delivery, Jose discussed with them the possibility of providing a portion of his land to all his heirs—Plaintiffs and Defendants. Defendants contend that Jose conveyed the property to Defendants during his lifetime, reserving for himself a life estate.

Plaintiffs then cross-motioned for summary judgment, arguing that Jose lacked the intent for a present conveyance of property that would have produced an irretrievable parting of dominion and control over the property. Although characterizing the facts concerning Maria being told to record the 2004 deed if anything happened to Jose and that Maria was given the key and told that she "knew what to do" just prior to his death as undisputed, Plaintiffs allege that Jose never made

5

a final decision with respect to whether all of his children should have a portion of the property. They submitted affidavits with their motion, stating that Jose had talked with several of them at various times, even after the deed was originally signed in 2004, indicating that he wanted to give them a part of the property. The district court granted summary judgment in favor of Defendants, holding that "the decedent intended both a life estate and a concurrent grant of the subject property."

## II. DISCUSSION

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.* Summary judgment may be proper when the moving party establishes a prima facie case for summary judgment. *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280. This evidence must be sufficient in law to raise a presumption in fact or establish the fact in question unless rebutted. *Id.* Once this prima facie showing has been made, the burden shifts to the non-movant to adduce evidence that would justify a trial on the merits. *Id.* The non-moving party may not only rely upon mere allegations. Rather, that party "must set forth specific facts showing that there is a genuine issue for trial." Rule 1-056(E) NMRA. Thus, there must be a genuine material fact in dispute for Plaintiffs to

succeed in opposing the motion for summary judgment. A genuine issue of fact "would allow a hypothetical fair-minded factfinder to return a verdict favorable to the non-movant on that particular issue of fact. An issue of fact is 'material' if the existence (or non-existence) of the fact is of consequence under the substantive rules of law governing the parties' dispute." *Romero v. Philip Morris, Inc.*, 2009-NMCA-022, ¶ 12, 145 N.M. 658, 203 P.3d 873 (citations omitted), *rev'd on other grounds*, 2010-NMSC-035, 148 N.M. 713, 242 P.2d 280. Because resolution on the merits is favored, a reviewing court "view[s] the facts in a light most favorable to the party opposing the motion and draw[s] all reasonable inferences in support of a trial on the merits[.]" *Handmaker v. Henney*, 1999-NMSC-043, ¶ 18, 128 N.M. 328, 992 P.2d 879.

At issue here is whether Jose properly delivered the deed to Defendants so as to convey title of the disputed property to them. If a grantor desires to convey property by deed and divest himself of title, he must both physically and legally deliver the deed. *See Den-Gar Enters. v. Romero*, 94 N.M. 425, 428, 611 P.2d 1119, 1122 (Ct. App. 1980). "[E]ffective legal delivery of a deed requires (1) intent by the grantor to make a present transfer and (2) a transfer of dominion and control." *Blancett v. Blancett*, 2004-NMSC-038, ¶ 7, 136 N.M. 573, 102 P.3d 640.

7

There is no dispute that Jose kept the signed, notarized deed in a locked filing cabinet. The day before he died, Jose gave the key to Patricia to give to Maria, and this gave Maria, one of the grantees, physical possession of the deed. "[A] grantee's possession of a validly executed deed ordinarily raises a presumption of legal delivery," but this presumption may be rebutted by evidence showing that the grantor did not intend to make a present transfer. *Id.* ¶ 8. "The purpose of the delivery requirement with respect to deeds is to show the grantor's intent to convey the property described in the deed." 23 Am. Jur. 2d *Deeds* § 105 (2010). In addition, intent "may be inferred from the circumstances." *Id.* "It must appear that the grantor intended to part with control and dominion over the land irretrievably. There must be no reservation made by the grantor nor any suggestion of recalling the deed." *Den-Gar Enters.*, 94 N.M. at 428-29, 611 P.2d at 1122-23 (citations omitted). "It is well settled in New Mexico that a grantor's intent is central and may be determined from words, actions or surrounding circumstances during, preceding or following the execution of a deed." *Blancett*, 2004-NMSC-038, ¶ 7.

The undisputed facts show that, from 2004, when Jose executed the deed, through the day prior to his death, when he gave Maria the key that provided her with sole physical possession of it along with his instruction to file it, Jose continuously acted toward Maria in a way confirming his intent to grant the land and physically

8

delivered possession of the deed. The existence of a life estate does not defeat Jose's intent, it only reinforces the intent to transfer the property to Maria upon his death, in accord with other evidence supporting the prima facie case, as it would not affect the transfer of title, merely possession of the land. *See Vigil v. Sandoval*, 106 N.M. 233, 235, 741 P.2d 836, 838 (Ct. App. 1987).

We hold that Defendants established a prima facie case for both required elements of transfer: intent to make a present transfer and valid delivery of dominion and control. The deed, its execution, and the showing of the deed to Maria on more than one occasion, together with the discussions Jose had with Maria about filing the deed, where and how it was kept and, finally, the act of giving the key to Patricia to give to Maria thus delivering the deed, supports the presumption of legal delivery discussed in *Blancett*. As such, Plaintiffs acquire the burden to demonstrate the existence of specific evidentiary facts that would both rebut the presumption of legal delivery, but also require trial on the merits. *See Blancett*, 2004-NMSC-038, ¶ 8. *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992). Despite the district court's apparent weighing the merits of the facts, rather than solely speaking to their materiality, the result does not change. To determine which facts are material, a court's focus should be on whether, under the pertinent substantive law, "the fact is necessary to give rise to a claim." *Romero*, 2010-NMSC-035, ¶ 11

(internal quotation marks and citation omitted). We therefore turn to the facts shown to the district court by Plaintiffs.

To follow *Blancett*, rebutting evidence of a grantor's intent may be determined by the circumstances surrounding the execution of a deed. 2004-NMSC-038, ¶ 7. Here, the three affidavits submitted in rebuttal all state that various conversations took place with Jose about the property. In contrast to the certainty of the dates of execution of the deed to Defendants and the circumstances of the deed's delivery to Maria, the affidavits are quite amorphous about specific plans, contain few specific dates, and fail to state that Jose ever took specific action as to carrying out anything he talked about with Plaintiffs. Describing conversations about various plans, including building a house, a summer house, and general division of the property among his descendants tracks the form, but fails to produce substance. Unlike Jose's actions with regard to Maria, Plaintiffs' acts are not tied to any specific times. They do not concern actions beyond making conversational statements of general intention. Hence, they do not rise to the level of suggesting that a fact finder might return a verdict favorable to Plaintiffs. Indeed, Plaintiffs' briefing centers on the deficiency of the deed and the lack of a valid delivery because of the deed residing in the file cabinet and not the sufficiency of intent as shown by the conversations talked about in the affidavits. Thus, Plaintiffs fail to affirmatively demonstrate how their affidavits

10

rebut the evidence that Jose intended to transfer the property by his execution of the deed and its delivery to Maria by the tendering of the key to the filing cabinet.

We conclude that a prima facie case has been established as a matter of law based on the undisputed facts and that Plaintiffs' assertions fall short. They lack the factual basis to rebut the facts shown by the execution of the deed in 2004 and Jose's subsequent actions demonstrating his clear intent to pass title to the land through Maria filing the deed upon his death. This was the finding of the district court in the final paragraph of its letter decision and being in accord with the reasoning of the district court, we affirm.

**III.    CONCLUSION**

Because Plaintiffs failed to rebut Defendants' prima facie case for summary judgment by adducing material issues of fact, we affirm the district court's grant of summary judgment in favor of Defendants.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

11

**WE CONCUR:**

_____
**CELIA FOY CASTILO, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**